**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMSHID EGAMBERDIEV** | : | |
| | : | |
| **Petitioner,** | : | **3:26-cv-967** |
| | : | **(JUDGE MARIANI)** |
| **v.** | : | |
| | : | |
| **JESSICA SAGE, WARDEN OF FCI** | : | |
| **LEWISBURG,** | : | |
| | : | |
| **Respondent.** | : | |

**MEMORANDUM OPINION**

## I.    BACKGROUND

On April 16, 2026, Petitioner Jamshid Egamberdiev ("Petitioner"), a citizen of

Uzbekistan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241

(the "Petition").  (Doc. 1).  Petitioner is detained at the Federal Correctional Institution,

Lewisburg within the Middle District of Pennsylvania.  Petitioner alleges that his mandatory

detention without a bond hearing violates the INA and the Fifth Amendment's Due Process

Clause.  (*Id.* at 9-10).

Respondent claims that the Court should deny the Petition pursuant to the first-filed

rule and the abuse of the writ doctrine.  (Doc. 6).  Specifically, "while previously detained at

Moshannon Valley Processing Center, Petitioner filed a separate habeas corpus petition in

the United States District Court for the Western District of Pennsylvania on April 8, 2026,

making the same challenges and seeking the same relief."  (*Id.* at 1-2) (citing *Egamberdiev*

*v. Oddo*, Case No. 3:26-cv-555 (W.D. Pa.)).   Petitioner was thereafter transferred to the Middle District of Pennsylvania and filed the Petition on April 16, 2026.

On April 20, 2026, Judge Christy Criswell Wiegand of the Western District of Pennsylvania granted Petitioner's petition in part.  (*Id.* at 2).  Judge Wiegand found that "Petitioner is subject to discretionary detention pursuant to § 1226(a) and is therefore entitled to a bond hearing."  (*Id.*).  Judge Wiegand further ruled that "within seven days of this Order, Petitioner must receive an individualized bond hearing conducted by an immigration judge pursuant to § 1226" and that, in the absence of such hearing, "Respondents shall immediately release Petitioner from custody."  (*Id.*).

Consistent with Judge Wiegand's order, Respondent represents that Petitioner was afforded an individualized bond hearing before an Immigration Judge on April 27, 2026. (*Id.*).  The bond hearing was held approximately ten days after Petitioner filed his Petition with this Court seeking immediate release or, in the alternative, a bond hearing.  According to Respondent, "[a]lthough Petitioner was denied bond due to his flight risk, it is evident that petitioner has now received all process that is due and all that was ordered by Judge Wiegand."  (*Id.* at 2-3).

## II.    **STANDARD OF REVIEW**

Absent suspension, the Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  Pursuant to 28 U.S.C. § 2241, a

federal district court may grant a habeas petition where a petitioner's immigration detention is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Claims brought by immigration detainees seeking relief from their confinement "fall within the core of the writ of habeas corpus." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025). It is well established that a federal habeas corpus petitioner generally has the burden of proving facts entitling him to a discharge from custody. *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972) (citations omitted).

### III.    ANALYSIS

Respondent claims the Court should dismiss the Petition pursuant to the first-filed rule and the abuse of the writ doctrine. The Court agrees. Moreover, the Court finds that the Petition fails on its merits because Petitioner was recently granted habeas relief, afforded a bond hearing pursuant to 8 U.S.C. § 1226(a), and has received all the process he is due. Accordingly, Petitioner is not entitled to habeas relief at this time.

"The first-filed rule requires, absent extraordinary circumstances, that cases sharing substantially similar subject matter and subject to concurrent federal jurisdiction be decided by the court where the litigation was first filed." *Synthes, Inc. v. Knapp*, 978 F. Supp. 2d 450, 455 (E.D. Pa. 2013) (citing *EEOC v. Univ. of Pennsylvania*, 850 F.2d 969, 971 (3d Cir.

1988)).  "The rationale for the rule is the desire for sound judicial administration and comity among federal courts of equal stature." *Id.*  While the "first-filed rule gives the court the discretion to stay, transfer, or dismiss a case that is duplicative of an earlier-filed case" there are exceptions to the rule.  *Abdoulaye v. Doll*, 2021 WL 647455, at *1 (M.D. Pa. Jan. 12, 2021).  These exceptions include "(1) the existence of rare or extraordinary circumstances; (2) the first-filer engaged in inequitable conduct; (3) he acted in bad faith; (4) he engaged in forum shopping; (5) the later-filed action has developed further than the first-filed action; and (6) the first-filing party instituted suit in one forum in anticipation of the opposing party's imminent suit in a less favorable forum." *Synthes*, 978 F. Supp. 2d at 455.  "Courts have consistently recognized that the first-filed rule is not a rigid or inflexible rule to be mechanically applied.  Rather, though exceptions are rare, the first-filed rule may properly be departed from as the equities of a given case require." *Honeywell Int'l Inc. v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am.*, 502 Fed. App'x 201, 205 (3d Cir. 2012) (cleaned up) (non-precedential).

Here, the first-filed habeas petition was decided by Judge Wiegand four days after Petitioner filed the Petition with this Court.  Petitioner received a bond hearing shortly thereafter.  Nothing before the Court suggests that application of the first-filed rule would be inequitable or that any of the "rare" exceptions to the rule apply.  Accordingly, the Petition will be dismissed pursuant to the first-filed rule.

4

In addition, the abuse of the writ doctrine "generally prohibits a petitioner under § 2241 from raising new claims that could have been resolved in a previous action." *Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 442 (3d Cir. 2021) (internal citation and quotation marks omitted). Although § 2241 habeas petitions are not subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "gatekeeping mechanism" § 2241 petitions "are still subject to the predecessor of AEDPA's gatekeeping mechanism: the abuse of the writ doctrine." *Id.* "A successive immigration habeas petition, 'which raises grounds identical to those raised and rejected on the merits, need not be entertained.'" *Salau v. Kunes*, 2026 WL 1398841, at *2 (M.D. Pa. May 19, 2026) (quoting *Esogbue v. Holmes*, 142 Fed. App'x 98, 100 (3d Cir. 2005) (non-precedential)). "When a petitioner fails to indicate any new claims or provide an explanation for failing to raise such issues in his first habeas petition, a successive § 2241 petition is properly dismissed as an abuse of the writ." *Id.*

The issue of whether Petitioner is properly detained under 8 U.S.C. § 1225 or 8 U.S.C. § 1226(a) is central to both the first-filed petition in the Western District and the Petition before the Court. Judge Wiegand held that Petitioner's detention was governed by Section 1226(a) and accordingly ordered that Petitioner must receive a bond hearing or be released. Petitioner received a bond hearing approximately ten days after filing the Petition with this Court. The relief he seeks in the Petition is identical to the relief sought and

partially granted by Judge Wiegand.  As such, the Court will also dismiss the Petition pursuant to the abuse of the writ doctrine.

Lastly, the Court finds that the Petition fails on its merits.  Petitioner was recently granted habeas relief to remedy his unlawful detention without a bond hearing under 8 U.S.C. § 1225.  He is now being detained under 8 U.S.C. § 1226(a) and was provided with a timely individualized bond hearing where an Immigration Judge found him to be a flight risk and denied bond.[1]  Under these circumstances, the relief granted by Judge Wiegand in the first-filed petition is all the process Petitioner was due.  Accordingly, the Court will dismiss the Petition pursuant to the first-filed rule and the abuse of writ the doctrine and will further deny the Petition on its merits.[2]

## IV.    CONCLUSION

For the foregoing reasons, Petitioner's habeas petition will be denied.  A separate Order follows.

Robert D. Mariani
United States District Judge

---

[1]    Petitioner does not raise any challenges to the procedures used by the Immigration Judge in denying bond and finding he was a flight risk.

[2]    The Court will also deny Petitioner's "Motion to Enforce Writ of Habeas Corpus." (Doc. 7).  Petitioner was granted habeas relief by Judge Wiegand in the form of a bond hearing before an Immigration Judge.  He received a bond hearing as ordered by Judge Wiegand and, as such, there is nothing for the Court to enforce.